# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PENNYSAVER USA, LLC,<br>PENNYSAVER USA PRINTING, LLC, and<br>PENNYSAVER USA PUBLISHING, LLC.<br><br>                        Debtors. | Chapter 7<br>Bankr. Case No. **15-11196-CSS**<br>**15-11197-CSS**<br>**15-11198-CSS** |
| MICHAEL S. STONE, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>      v.<br><br>PENNYSAVER USA, LLC,<br>PENNYSAVER USA PRINTING, LLC, and<br>PENNYSAVER USA PUBLISHING, LLC.<br><br>                        Defendants. | Adv. Pro. No. _____ - \_\_\_\_\_ |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*., CALIFORNIA LABOR CODE §§ 1400, *et seq*. and CALIFORNIA LABOR CODE §§ 201, 202 & 203**

Plaintiff Michael S. Stone ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of Defendants, by way of his Class Action Complaint against PennySaver USA, LLC., PennySaver USA Printing, LLC., and PennySaver USA Publishing, LLC., (collectively, "PennySaver", "Debtors" or "Defendants") by and through his counsel as follows:

**NATURE OF THE ACTION**

1.      This is a class action for the recovery by Plaintiff Michael S. Stone and other similarly situated employees of the Debtors for damages in the amount of 60 days' pay and ERISA benefits by reason of Debtors' violation of the Worker Adjustment and Retraining Notification

Act, 29 U.S.C. §§ 2101 – 2109 and its California counterpart California Labor Code §§ 1400 – 1408 (collectively, the "WARN Acts"). In addition, Plaintiff seeks to recover on his own behalf and on behalf of his former colleagues, unpaid wages and vacation pay under California Labor Code § 201 *et seq*.

2. The Plaintiff was terminated as part of, or as the foreseeable result of, a mass layoff or plant shutdown ordered by the Debtors on or about May 22, 2015. As such, the Debtors violated the WARN Acts by failing to give the Plaintiff and other similarly situated employees of the Debtors at least 60 days' advance notice of termination, as required by the WARN Acts. As a consequence, the Plaintiff and other similarly situated employees of the Debtors are entitled under the WARN Acts to recover from the Debtors 60 days' wages and ERISA benefits, none of which have been paid.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5. Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6. Plaintiff Michael S. Stone worked as a Regional Sales Manager of PennySaver. He worked at or reported to one of Defendants' facilities located at 2830 Orbiter Street, Brea, California (the "Brea" Facility) until his termination on or about May 22, 2015.

*Defendants*

7.     Upon information and belief, Defendant PennySaver USA, LLC is a Delaware Limited Liability Company with its principal place of business located at 2830 Orbiter Street, Brea, California.

8.     Upon information and belief, Defendant PennySaver USA Printing, LLC is a Delaware Limited Liability Company with its principal place of business located at 2830 Orbiter Street, Brea, California.

9.     Upon information and belief, Defendant PennySaver USA Publishing, LLC is a Delaware Limited Liability Company with its principal place of business located at 2830 Orbiter Street, Brea, California.

10.     Upon information and belief at all relevant times, Defendants maintained and operated their business employing approximately 700 employees at its Brea facility and other facilities, as that term is defined by the WARN Acts (collectively the "Facilities").

11.     On May 29, 2015, Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

12.     Until his termination by Defendants, Plaintiff and the other similarly situated persons were employees of Defendants who worked at, received assignments from, or reported to one of Defendants' Facilities.

## WARN ACT CLASS ALLEGATIONS

13.     Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, received assignments from, or reported to Defendants' Facilities and were terminated without cause on or about May 22, 2015,

and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about May 22, 2015, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

14. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

15. Upon information and belief, Defendants employed more than 100 full-time employees who worked at or reported to the Facilities.

16. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

17. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

18. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

 (a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

 (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

(d) whether Defendants operated as a single-employer with its subsidiaries or affiliates under the WARN Act with respect to the terminations of the Plaintiffs and similarly-situated employees.

19. The Plaintiff's claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to Defendants' Facilities and was terminated on or about May 22, 2015, due to the mass layoffs and/or plant closings ordered by Defendants.

20. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

21. On or about May 22, 2015, Defendants terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

22. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24.     The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

25.     The relief sought in this proceeding is equitable in nature.

## CALIFORNIA WARN ACT CLASS ALLEGATIONS

26.     The Plaintiff brings the Second Claim for Relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendants' Facilities and were terminated without cause on or about May 22, 2015 and thereafter (the "CAL WARN Class").

27.     The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

28.     On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendants.

29. On information and belief, the rate of pay and benefits that were being paid by Defendants to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

30. Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a) whether the members of the CAL WARN Class were employees of the Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c) whether Defendants unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

(d) whether the Plaintiff's claims are typical of those of the CAL WARN Class.

31. The Plaintiff, like other CAL WARN Class members, worked at or reported to Defendants' Facilities and was terminated on or about May 22, 2015 and thereafter, due to the closure of the Facilities ordered by Defendants.

32. The Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class. The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

33. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual

plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

34. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

35. The Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Violation of the Federal WARN Act

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

39. Beginning on or about May 22, 2015, Defendants ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i)

40. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01 (a)(8).

41. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

42. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l (a)(5).

43. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

44. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

45. The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## CALIFORNIA WARN Act Cause of Action

47. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

48. Plaintiff together with other employees similarly situated who worked at Defendants' Facilities, are former "employees," of Defendants as defined in Labor Code § 1400(h).

49. Defendants terminated Plaintiff's employment and the employment of other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400 on or about May 22, 2015 or thereafter.

50. Defendants are an "employer" as defined in Labor Code § 1400(b).

51. Defendants violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order, and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

52. As a result of Defendants' violation of Labor Code § 1401, Plaintiff and the other similarly situated employees are entitled to damages under Labor Code § 1402(a) in an amount to be determined.

53. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Labor Code § 1404.

### CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE
### Cal. Labor Code §§ 201, 202 & 203

54. The Plaintiff and the putative Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

55. California Labor Code §§ 201 and 202 require Defendants to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

56. The Plaintiff and the California WARN Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation. The Defendants did not pay the Plaintiff and California WARN Class their final paychecks or accrued paid time off prior to their termination. The Plaintiff and members of the California WARN Class are owed their unpaid wages and paid time off they accrued prior to that date.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants, jointly and severally:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,450 of the WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable

employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A) and the California Labor Code § 1402(a) or, in the alternative a first priority administrative expense claim against Defendants pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiff and the other similarly situated former employees equal to those sums;

E. An award as an administrative priority claim against the Defendants in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions pursuant to Cal. Labor Code §§ 201, 202 & 203;

F. Reasonable attorneys' fees and the costs and disbursements that the Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act; and

G. Such other and further relief as this Court may deem just and proper.

Dated: June 1, 2015

Respectfully submitted,

By: /s/Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware  19801
Telephone:    (302) 654-0248
E-mail:           loizides@loizides.com

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
*Attorneys for the Plaintiff and the putative class*