## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PENNYSAVER USA, LLC, | Case No. 15-11196 (CSS) |
| Debtor. | |
| Employer Tax I.D. No. XX-XXX7098 | |
| In re: | Chapter 7 |
| PENNYSAVER USA PRINTING, LLC, | Case No. 15-11197 (CSS) |
| Debtor. | |
| Employer Tax I.D. No. XX-XXX6144 | |
| In re: | Chapter 7 |
| PENNYSAVER USA PUBLISHING, LLC, | Case No. 15-11198 (CSS) |
| Debtor. | |
| Employer Tax I.D. No. XX-XXX1162 | |
| In re: | Chapter 7 |
| ORBITER PROPERTIES, LLC, | Case No. 15-11199 (CSS) |
| Debtor. | |
| Employer Tax I.D. No. XX-XXX0851 | |

In re:

MONTHLYMAILER, LLC,

Debtor.

Employer Tax I.D. No. XX-XXX2804

Chapter 7

Case No. 15-11200 (CSS)

**EMERGENCY MOTION OF DON A. BESKRONE, INTERIM CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 364 (I) APPROVING THE FUNDING OF CERTAIN ESTATE OBLIGATIONS, AND (II) GRANTING SUPER-PRIORITY ADMINISTRATIVE EXPENSE CLAIM STATUS TO CAPITAL ONE *NUNC PRO TUNC* TO JUNE 4, 2015**

Don A. Beskrone, interim Chapter 7 trustee (the "Trustee") of the above-captioned debtors and their respective estates, by and through his undersigned proposed counsel, pursuant to 11 U.S.C. §§ 105 and 364 of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files the *Emergency Motion of Don A. Beskrone, Interim Chapter 7 Trustee, for an Order Pursuant to 11 U.S.C. §§ 105 and 364 (I) Approving the Funding of Certain Obligations, and (II) Granting Super-Priority Administrative Expense Claim Status to Capital One* Nunc Pro Tunc *to June 4, 2015* (the "Emergency Motion"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the funding of certain obligations and granting super-priority administrative expense claim status therefor to Capital One.[1]  In support of the Emergency Motion, the Trustee respectfully states as follows:

<u>Summary of Relief Requested</u>

The cases are in their infancy.  The Trustee and his professionals, nonetheless, are working diligently to apprise themselves of the nature of the Debtors' businesses, assets and liabilities, all

---

[1] All capitalized terms not otherwise defined shall be defined *infra*.

towards the goal of preserving and maximizing value for creditors. At the moment, however, the Trustee has no funds available to fund the payment of certain critical items, *i.e.*, electricity, security and insurance, among others, all of which are necessary to preserve the value of the estates. Indeed, absent the payment of any of the foregoing, these estates may experience disastrous effects on the value that may be achieved in liquidation. Thus, by this Emergency Motion, the Trustee respectfully requests the entry of an Order that will give the Trustee and the Debtors' estates a short breathing spell while avoiding any precipitous stoppage or cut-off of certain services that may irreparably harm these estates as the Trustee believes and understands that the Debtors may have valuable property, plant, and equipment located in their various California facilities. Accordingly, it is crucial that these assets be protected and preserved for the benefit of the Debtors' estates and their creditors, notwithstanding the propriety (or impropriety) of the demands for payment that may be asserted by the service providers. To ensure that such payments are made, and to preserve the value of the assets of these estates, the Trustee has agreed, subject to Court approval, to accord Capital One super-priority administrative expense priority for the amounts Capital One may advance on account of these critical services. Capital One, the Debtors' asserted secured lender, has agreed to provide such advances to not only preserve value, but to allow the parties time to negotiate a cash collateral budget that will allow for the orderly liquidation of these estates. In exchange, the secured lender has required a super-priority administrative expense claim *nunc pro tunc* to June 4, 2015, a condition the Trustee respectfully submits is reasonable under the circumstances of these cases.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2.      This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (D), (G), (K), (M) and (O).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.      The statutory predicates for the relief requested include sections 105 and 364 of the Bankruptcy Code.

## Background[2]

5.      Founded in 1962, PennySaver USA, LLC ("PennySaver", and together with PennySaver USA Printing, LLC, PennySaver USA Publishing, LLC, Orbiter Properties, LLC and Monthly Mailer, LLC, the "Debtors") was an iconic Southern California company and well-known throughout the region.    PennySaver's main business was in the production, printing, and dissemination of a free weekly publication, offering coupons and classified ads to targeted audiences.    At the time, this novel concept was a game changer that revolutionized the weekly shopping guide industry.

6.      The company was originally founded by Bob DeMarco.    As a pioneer of the print advertising industry, PennySaver targeted small businesses that could not afford advertisements in the more traditional outlets.    PennySaver was able to target specific neighborhoods with its coupons and advertisements, greatly benefitting the small businesses that serviced the region.    This

---

[2] The Trustee recites this background based on a preliminary investigation of the Debtors and their respective businesses.  The Trustee reserves his right to amend or alter this background or other asserted statement of fact as the Trustee and his professionals learn more about the Debtors through further investigation.

hyper-local marketing of products and services allowed small businesses to be more efficient and effective in servicing their clients, which, in turn, led to fast growth for the company. PennySaver also focused on classified advertisements, which, before the likes of craigslist, eBay, and other sales websites, provided an opportunity for people within the community to connect.

7.      DeMarco sold the company to a Texas publishing company, Harte-Hanks Inc., which moved PennySaver's offices to 2830 Orbiter Street, Brea, California 92821. PennySaver grew throughout the 1980s to become the largest direct-mail shopping publication in the United States. The company continued its growth into the 1990s and 2000s reaching a circulation of approximately 4.5 million per week. Although the Debtors are headquartered in Brea, PennySaver has two other facilities, located in Mira Loma and Vista, California.

8.      By 2013, PennySaver's print circulation locally targeted 780 zones or regions and reached approximately 9.1 million California households every week. PennySaver's website, PennySaverUSA.com, received 1 million unique visitors each month. PennySaver offered a full suite of products including print classified ads, online classified ads, flyers and inserts, local business listings, print display advertising, online display advertising, and PowerSites®, among others.

9.      In 2013, Harte-Hanks Inc. sold PennySaver to a private equity firm, OpenGate Capital LLC, for approximately $22.5 million. The Debtors are all Delaware limited liability companies. The Debtors' asserted secured lender is Capital One Business Credit Corp. ("Capital One").[3] Capital One asserts that the Debtors are indebted (the "Prepetition Debt") to Capital One

---

[3] The Trustee is in the early stages of his investigation, including the asserted secured nature of Capital One's claim. The Trustee reserves his rights with respect to, among other things, Capital One's asserted secured claim and lien on substantially all of the Debtors' assets.

pursuant to that Loan and Security Agreement, dated September 27, 2013 (as amended through the date hereof, the "Loan Agreement").

10.     Capital One also asserts that, pursuant to the Loan Agreement and other security documents (collectively, the "Security Documents"), as more fully set forth in the Loan Agreement and Security Documents, all obligations of the Debtors to Capital One, including the prepetition debt, are secured by a valid and perfected security interest in all of the assets of the Debtors (collectively the "Prepetition Collateral").

11.     On May 22, 2015, the Debtors, through their chief executive officer Ronald Myers, informed their approximately 700 employees that the company would cease operations effective immediately.

12.     On May 29, 2015 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code.  The Debtors filed a motion to extend the deadline to file its schedules and statements [Docket No. 2], and the Court entered an Order granting the motion to extent the time to file schedules [Docket No. 4].

13.     Thereafter, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as the interim Chapter 7 trustee in these cases.  The Trustee has commenced a preliminary investigation into the Debtors' businesses, and this investigation is ongoing.

14.     A section 341(a) meeting of the creditors is scheduled for June 24, 2015 [Docket No. 5].

## Relief Requested

15.     As noted above, the Trustee believes must be paid to ensure that the estates are not irreparably harmed.   While certain (if not most) of such expenses are likely pre-petition obligations, the failure to pay such obligations may result in the shut-off or cancellation of services

and/or coverage. Such a result, the Trustee understands, may irretrievably damage and/or expose the value of these estates. Capital One is willing to pay (or cause its agents to pay) certain expenses on behalf of the Trustee and the Debtors' estates, provided that the payments made or advanced by Capital One are afforded super-priority administrative expense status *nunc pro tunc* to June 4, 2015, consistent with the terms of the (proposed) order attached hereto.

16.    Upon information and belief, and through the Trustee's initial and ongoing investigation, certain creditors—creditors that provide services critical to the preservation of the Debtors' estates—may cease servicing the Debtors and their properties without first receiving payment for past (or soon to be) due amounts. Specifically, to protect and preserve the value Debtors' estates, the Trustee requires that certain pre-petition services remain uninterrupted, and seamlessly transition post-bankruptcy. Among other things, the Trustee and the estates require access to electricity, telephone (for fire protection purposes), insurance and security at the Brea, Mira Loma, and Vista, California locations. Together, these services are necessary to the preservation of the Debtors' estates without which the Debtors are to likely suffer irreparable and immediate harm.

17.    On account of these services (the "Expenses"), the Trustee seeks Court authority to pay certain creditors in the Trustee's business judgment and without further Order from the Court, up to a maximum of $250,000.00 (the "Cap"). The Trustee will only pay such creditors in such amounts that are absolutely necessary, as may be determined by the Trustee, in order for such creditors to continue providing certain critical services to the Debtors' estates. The Trustee will provide notice to the Office of the United States Trustee and, if so directed the Court, of the Trustee's authorization and direction of any advances or payments made to creditors as provided herein.

**Basis for Relief**

18.     Pursuant to Bankruptcy Code § 364, if a trustee cannot obtain post-petition credit on an unsecured basis, the Court may authorize such trustee to obtain credit or incur debt that is entitled to super-priority administrative expense status. *See* 11 U.S.C. § 364(c). A trustee seeking financing under section 364(c) must make a reasonable effort to seek other sources of unsecured credit, but is granted deference in acting in accordance with its business judgment and is not required to seek credit from every possible source. *See, e.g., In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990).

19.     Here, time is of the essence, and as a practical matter, the Trustee expects that few (if any) prospective lenders would be likely to advance funds given Capital One's asserted blanket lien. Accordingly, the Trustee respectfully submits that obtaining unsecured financing is both unlikely and impractical under the circumstances. Indeed, the Trustee has been unable to obtain unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense. As such, the Trustee believes, in the exercise of his business judgment, that no other funding is available to the Debtors' estates at better terms and that granting super-priority administrative expense to Capital One is appropriate in this case. *See* 11 U.S.C. § 105(a).[4]

20.     Capital One has agreed to arrange for payment of the Expenses discussed above. Additionally, Capital One has agreed to fund payment of other value-preserving expenses that the Trustee, in his business judgment, deems necessary subject to the Cap of $250,000.00. Capital One will not advance any payments authorized under any order approving the relief requested herein without the prior written consent of the Trustee.

---

[4] It is not uncommon for courts within the Third Circuit to accord *nunc pro tunc* status when permitting a debtor to obtain credit under 11 U.S.C. § 364, or otherwise. *See, e.g., In re KLCG Prop., LLC*, No. 09-14418, 2010 WL 5093146 (Bankr. D. Del. Jan. 28, 2010) [Order]; *In re Green Field Energy Servs., Inc.*, 2013 WL 6908775 (Bankr. D. Del. Nov. 26, 2013) [Order].

21.    The agreements reflected in this Emergency Motion have been negotiated in good faith and at arm's length between the Trustee, on one hand, and Capital One, on the other hand, and the parties request that all advances and other extensions of credit made by Capital One on behalf of the Debtors' estates pursuant to this Emergency Motion be deemed to have been made in good faith within the meaning of Section 364(e) of the Bankruptcy Code.

22.    Therefore, the Trustee respectfully requests that the Court grant the proposed order attached hereto granting the relief requested herein.

### Notice

23.    The Trustee has provided notice of this Emergency Motion via electronic mail (where possible) and overnight mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Capital One; (c) counsel to the Debtors; and (d) any persons who have filed a request for notice in these Chapter 7 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

24.    No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: June 8, 2015
      Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

Ricardo Palacio (DE No. 3765)
Amanda Winfree Herrmann (DE No. 4615)
Aaron H. Stulman (DE No. 5807)
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Proposed Counsel to Don A. Beskrone,*
*Interim Chapter 7 Trustee of the Debtors*