IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PENNYSAVER USA PUBLISHING, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 15-11198 (CSS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 61** |

### ORDER APPROVING MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER, PURSUANT TO 11 U.S.C. §§ 105, 327, 328, 363, 365, AND 554, (I) AUTHORIZING THE RETENTION OF TIGER REMARKETING SERVICES, BRANFORD AUCTIONS, LLC, HILCO INDUSTRIAL, LLC, AND NORTH EAST PRINTING MACHINERY, INC. AS AGENT AND AUCTIONEER, (II) APPROVING AGENCY & SALE AGREEMENT TO PERMIT THE SALE AND/OR ABANDONMENT OF THE DEBTORS' MACHINERY, EQUIPMENT, AND INTELLECTUAL PROPERTY, AND (III) GRANTING CERTAIN RELATED RELIEF

Upon consideration of the motion (the "Motion") filed by Don A. Beskrone as the Chapter 7 Trustee (the "Trustee") of the above-referenced cases (the "Debtors"), pursuant to sections 105(a), 327, 328, 363, 365, and 554 of Title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order for entry of an order (i) authorizing the retention of Tiger Remarketing Services ("Tiger"), Branford Auctions, LLC ("Branford"), Hilco Industrial, LLC ("Hilco"), and North East Printing Machinery, Inc. ("NEPM" and, together with

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: PennySaver USA, LLC (7098); PennySaver USA Printing, LLC (6144); PennySaver USA Publishing, LLC (1162); Orbiter Properties, LLC (0851); MonthlyMailer, LLC (2804). The Debtors' mailing address is 2830 Orbiter Street, Brea, California 92821.

{01030300;v1 }

Tiger, Branford, and Hilco, the "Agent") as Trustee's sales agent and auctioneer; (ii) approving the Agency & Sale Agreement between the Trustee and Agent, a copy of which is attached hereto as **Exhibit 1** (the "Agency & Sale Agreement") and authorizing the sale and/or abandonment of certain machinery, equipment, and related intellectual property free and clear of liens, claims, and encumbrances; and (iii) granting certain related relief; and due and proper notice of the Motion having been provided; and the Court having reviewed the Motion and having heard the statements, if any, in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and upon consideration of the Declarations of Jeffrey J. Tanenbaum, Ian S. Fredericks, William Gardner, and Joseph Koravos (together, the "Declarations") submitted in support of the Motion; and the Court being satisfied based on the representations made in the Declarations that the Agent holds no interest adverse to the Trustee or the Debtors' estates with respect to the matters upon which the Agent is to be engaged, and is a disinterested person, and that the retention of the Agent is necessary and would be in the best interests of the estates; and the Court being satisfied based on the representations made in the Motion that approval of the Agency & Sale Agreement and authorization of the Sale of the Assets would be in the best interests of the estate; and it appearing that the remaining relief sought in the Motion is in the best interest of the Debtors, the creditors of the Debtors' estates, and all other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the Court has jurisdiction over this matter; and after due deliberation thereon and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

A. Capitalized terms not otherwise defined herein shall have the meaning ascribed such terms in the Motion or the Agency & Sale Agreement.

B. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. Consideration of the Motion and the relief requested therein constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of the Motion and this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The basis for the relief sought in the Motion are sections 105(a), 327, 328, 363, 365 and 544 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1.

D. As evidenced by the Affidavit of Service previously filed with the Court, (i) due, proper, timely, adequate and sufficient notice of the Motion and the proposed sale of the assets has been provided in accordance with Bankruptcy Rules 2002, 6004, and 9014, (ii) such notice was good, sufficient and appropriate under the circumstances, and reasonably calculated to reach and appraise all parties in interest about the sale of the assets and related relief, and (iii) no other or further notice of the Motion need be provided.

E. The Trustee has demonstrated both (i) good, sufficient, and sound business purpose and justification; and (ii) compelling circumstances for the proposed sale pursuant to 11 U.S.C. §363(b).

F. The Trustee and the Agent may sell the Assets free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Any party with interests in the Assets who did not object, or who withdrew their objections, to the proposed Sale or the Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Those parties with

interests in the Assets who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the cash proceeds of the proposed Sale ultimately attributable to the Assets against or in which they claim an interest.

G. A reasonable opportunity to object or be heard with respect to the proposed Sale and the relief requested therein has been afforded to all interested persons and entities in accordance with the Motion.

**NOW THEREFORE, THE COURT HEREBY ORDERS THAT:**

1. The relief requested in the Motion shall be, and hereby is, granted as set forth herein. All objections to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, shall be, and hereby are, overruled and denied on the merits with prejudice.

2. The Agency & Sale Agreement attached hereto as **Exhibit 1** is approved in its entirety pursuant to section 363 of the Bankruptcy Code. The Trustee is hereby authorized and empowered to take all actions set forth in the Agency & Sale Agreement (and each of the transactions contemplated therein).

3. The retention of the Agent, as sales agent and auctioneer, is hereby approved.

4. In light of the services to be provided by Agent and the compensation structure set forth in the Agency & Sale Agreement, Agent shall be entitled to compensation pursuant to, and Agent's compensation shall be evaluated under the standards set forth in, section 328(a) of the Bankruptcy Code, and Agent's professionals shall be excused from: (a) the requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2, and the United States Trustee Fee Guidelines; (b) conforming with a schedule of hourly rates for its professionals, and (c) the filing of fee applications with the Court, other than the filing of a final fee application.

5. Except as otherwise provided in the Agency & Sale Agreement, pursuant to 11 U.S.C. §§ 105(a) and 363(b) and (f), the Agent shall be authorized to sell the Assets pursuant to the Agency & Sale Agreement, on an "AS IS, WHERE IS" basis, which Assets shall be sold free and clear of all liens, claims, interests and encumbrances with all such interests to attach to the net proceeds of the proposed Sale in the order of their priority, with the same validity, force and effect which they now have as against the Assets.

6. Capital One has agreed to only assert its liens to the extent that any proceeds from the Sale are available, and any lien in an Asset(s) shall be deemed released upon the consummation and close of the Sale thereof. Capital One is authorized and directed to take any actions that may be necessary to release such liens pursuant to state law.

7. All of the transactions contemplated by the Agency & Sale Agreement shall be protected by section 363(m) of the Bankruptcy Code in the event this Order is reversed or modified on appeal. The transactions contemplated by the Agency & Sale Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

8. Unless otherwise ordered by the Court, all newspapers and other advertising media in which the Sale may be advertised are ordered to accept this Order as Court authority for the Trustee and the Agent to consummate the Agency & Sale Agreement and to consummate the transactions contemplated therein, including, without limitation, advertising the Sale in the manner contemplated by the Agency & Sale Agreement, and no further approval, licenses, or permits of any governmental authority shall be required. The Agent is authorized to provide the services contemplated by this Agreement without the necessity of compliance with any federal, state or local statute or ordinance, contractual provision or licensing requirement affecting store and plant

closings, "going out of business," bulk transfers, liquidation or auction sales, or regulating advertising, including signs, banners, or posting of signage.

9. In the event the Agent presents, and the Trustee accepts, a turn-key purchaser for any or all of the Assets at the Facilities, the Trustee shall enter into a turn-key purchase agreement with the turn-key purchaser, the approval of which the Trustee may seek on shortened notice (the "Turn-Key Sale Approval Hearing"). The turn-key purchase agreement shall specify any executory contracts and/or unexpired leases that the Trustee may wish to assume and assign to the turn-key purchaser (the "Potential Assumed Contracts").

10. Upon notification from the turn-key purchaser of any executory contracts and unexpired leases it may wish to assume and assign, the Trustee will serve a cure notice (the "Cure Notice") via fax, overnight delivery, or hand delivery upon each counterparty to the Potential Assumed Contracts (each, a "Counterparty") which shall be received no less than ten days prior to the Turn-Key Sale Approval Hearing. The Cure Notice shall identify the amounts, if any, that the Trustee believes is owed to each Counterparty to a Potential Assumed Contract in order to cure any defaults that may exist under such contract (the "Cure Amount"). The Cure Notice shall also state the date and time by which any objection ("Cure Objection") to (i) the assumption and assignment of the applicable Potential Assumed Contract on the basis of lack of adequate assurance of future performance under section 365(b)(1), or (ii) the Cure Amount must be filed and served by the Counterparty, which deadline shall be set no earlier than 7 business days following the date of service of the Cure Notice. If a contract or lease is assumed and assigned under the proposed sale, then unless a Counterparty properly and timely files and serves a Cure Objection pursuant to the Cure Notice, the Counterparty will receive payment from the turn-key purchaser of the Cure Amount (if any) as set forth in the Cure Notice.

11.    In the event the Agent does not locate a turn-key purchaser and conducts a piecemeal sale, the Agent shall conduct the Sale and remit the Sale Proceeds to the Trustee within 7 days of receipt. Within twenty-one (21) days following the completion of the Sale, Agent shall provide the Trustee with a Report of Sale containing an itemized of statement of all Assets sold with the name of each purchaser, and the price for each item, lot or for the property as a whole if sold in bulk together for Trustee's filing in accordance with Federal Rule of Bankruptcy Procedure 6004(f) and service upon Capital One, the Office of the United States Trustee, and all parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002. Notwithstanding section 8(f) of the Agency & Sale Agreement or any other provision therein, the Trustee shall be authorized to disburse to Agent the compensation and costs outlined in the Agency & Sale Agreement upon entry of an order approving Agent's final fee application.

12.    To the extent that the Agent does not sell all of the Assets the within the term set forth in the Agency & Sale Agreement, unless otherwise extended by the Trustee and Agent, the Trustee is permitted, in his discretion, pursuant to section 554(a) of the Bankruptcy Code, to abandon any property at the Facilities without incurring liability to any person or entity. In the event of rejection of any Facility's lease, the respective landlord shall preserve its right to assert an unsecured rejection damage claim which may include the costs of removing or disposing of any abandoned Assets. The Trustee reserves the right to object to any such claim. In the event of any such abandonment of property at the Facilities, the respective landlord is hereby authorized to dispose of such property without incurring liability to any individual or entity that may claim an interest in such abandoned property.

13.    The indemnification provisions of the Agency & Sale Agreement are approved, subject during the pendency of these chapter 7 cases to the following:

a.  Agent shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agency & Sale Agreement for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

b.  Notwithstanding any provision of the Agency & Sale Agreement to the contrary, neither the Trustee nor the estates shall have any obligation to indemnify Agent, or provide contribution or reimbursement to Agent, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Agent's gross negligence or willful misconduct, or fraud, (ii) for a contractual dispute in which the Trustee alleges the breach of Agent's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Agent's gross negligence, fraud or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which Agent should not receive indemnity, contribution or reimbursement under the terms of the Agency & Sale Agreement, as modified by this Order; and

c.  If, prior to the closing of these Chapter 7 cases, Agent believes that it is entitled to the payment of any amounts by the Trustee/estates on account of the indemnification, contribution and/or reimbursement obligations under the Agency & Sale Agreement (as modified by this Order), including without limitation the advancement of defense costs, Agent must file an application therefore in this Court, and the Trustee may not pay any such amounts to Agent before the entry of an order by this Court approving the payment. This subparagraph c. is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Agent for indemnification, contribution or reimbursement and not a provision limiting the duration of the obligation to indemnify Agent.

d.  Any limitation on liability or any amounts to be contributed by the parties to the Agency & Sale Agreement under the terms of the Agency & Sale Agreement shall be eliminated.

14.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

15. This Court shall retain jurisdiction to resolve any dispute arising from or relating to the Sale of the Assets and any other matter that in any way relates to the foregoing.

Dated: _July 29_, 2015
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge