IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Pennysaver USA Publishing, LLC, *et al.*, | Case No. 15-11198 (CSS) |
| Debtors.[1] | Jointly Administered |
| | **Re: Docket No. 108** |

**RESPONSE OF DEBTORS TO THE MOTION OF TREND OFFSET PRINTING SERVICES INC. FOR THE ENTRY OF AN ORDER, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1009(A) AND SECTION 105(A) OF THE BANKRUPTCY CODE, AMENDING SCHEDULE F OF THE SCHEDULES OF ASSETS AND LIABILITIES FILED BY PENNYSAVER USA PUBLISHING, LLC**

The above-captioned debtors (the "**Debtors**") file this response (the "**Response**") to the *Motion of Trend Offset Printing Services Inc. for the Entry of an Order, Pursuant to Federal Rule of Bankruptcy Procedure 1009(a) and Section 105(c) of the Bankruptcy Code, Amending Schedule F of the Schedules of Assets and Liabilities Filed by PennySaver USA Publishing, LLC* [Docket No. 108] (the "**Motion**"). In support of this Response, the Debtors respectfully represent as follows:

1. The Debtors do not object to the relief requested in the Motion, namely, amending schedule F of the *Schedules of Assets and Liabilities* (the "**Schedules**") [Docket No. 35] of PennySaver USA Publishing, LLC to increase the scheduled amount of the unsecured claim of Trend Offset Printing Services Inc. ("**Trend**"). See Mot. ¶ 10. The Debtors, however, seek to state their concerns and address statements in the Motion concerning the Debtors' conduct.

2. In the months preceding the Debtors' bankruptcy filings, the Debtors' operations

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's tax identification number, are: PennySaver USA, LLC (7098); PennySaver USA Printing, LLC (6144); PennySaver USA Publishing, LLC (1162); Order Properties, LLC (0851); Monthly Mailer, LLC (2804). The Debtors' mailing address is 2830 Orbiter Street, Brea, California 92821.

51283951.1

relied primarily on funding from their existing secured lender. The secured lender, however, terminated further funding of the Debtors shortly before May 22. Therefore, as noted in other filings in these cases, the Debtors ceased operations on May 22, 2015 and filed their chapter 7 bankruptcy petitions on May 29, 2015 (the "**Petition Date**"). See, e.g., *First Omnibus Mot. Of Don Beskrone, Ch. 7 Trustee, for Or. Authorizing (i) the Rejection of Certain Unexpired Leases of Real Prop., & (ii) the Abandonment of Certain Personal Prop., Pursuant to 11 U.S.C. §§ 105, 365, & 554 & Bankr. R. 6006, 6007, & 9014, effective June 30, 2015* [Docket No. 47] ¶¶ 10-11.

       3.      As explained in the 341 meeting for these cases, after ceasing operations, the few remaining representatives of the Debtors spent the limited number of days prior to the Petition Date (including over the Memorial Day weekend) (i) attempting to create a way to pay the Debtors' employees their last wages and (ii) gathering all the necessary information of the Debtors to complete the bankruptcy filing, including the Schedules. Without all of the Debtors' employees working during this period, the process was far from perfect. Indeed, Trend acknowledges the difficulties facing the Debtors during this time by noting that some of the invoices corroborating its alleged claim amount were found after the Petition Date by a representative of the chapter 7 trustee in a manila folder at an undisclosed location, Mot. ¶ 6, and other invoices "were never even sent to the Debtor's accounting office."[2]

       4.      Accordingly, while the Debtors do not object to amending schedule F, the Debtors have no means of verifying the accuracy of Trend's alleged claim amount. The Debtors understand Trend's need to have the scheduled claim amount amended but are hesitant to do so voluntarily since the Schedules must be verified by a representative of the Debtors under oath,

---

[2] See *Decl. of Munir Ahmed in Support of the Mot. of Trend Offset Printing Servs. Inc. for the Entry of an Or., Pursuant to Fed. R. of Bankr. Proc. 1009(a) and Section 105(c) of the Bankr. Code, Amending Sch. F of the Schs. of Assets and Liabilities Filed by PennySaver USA Pub., LLC* [Docket No. 109] ¶ 7.

51283951.1

based upon his/her knowledge, information, and belief. In addition, the Debtors previously responded to Trend's informal request to amend schedule F by asking Trend to confer with the chapter 7 Trustee. It seems that Trend has done so, <u>id.</u>, but the Debtors are unaware of the results of those discussions or the chapter 7 trustee's opinion on the matter. Thus, the Debtors file this Response to point out that they are not in a position to verify the accuracy of Trend's claim amount and that the Debtors' representative could not attest to the validity of Trend's claim amount.

5.      Finally, the Debtors take issue with Trend's statement that it is "questionable" whether the Debtors "exercised proper diligence when preparing Schedule F" because "Trend provided all the information discussed in the Motion establishing the amount of Trend's claim to the Debtor before the Debtor filed Schedule F." <u>Mot.</u> ¶ 12 n.9. First, the Debtors are unaware of any communications with Trend prior to the filing of the Schedules except for a phone call from a representative of the Debtors shortly after May 22 informing Trend that the Debtors were shutting down. Second, since Trend confirms that many of its invoices were left in a manila folder or not inputted into the Debtors' accounts payable system prior to the Debtors' ceasing operations, there was likely no way post-shut down for the handful of remaining management of the Debtors to confirm the amount Trend alleges it is owed, if it ever did communicate the amount of its claim to the Debtors prior to filing the Schedules. Nevertheless, if the Court orders the Debtors to amend schedule F consistent with the Motion, the Debtors will do so.

| | |
|---|---|
| Dated: September 15, 2015<br>Wilmington, Delaware | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/ Christopher A. Ward*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Jarrett Vine (Del. Bar. No. 5400)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>jvine@polsinelli.com<br><br>COUNSEL TO THE DEBTORS |